UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RONALD J. MULDER,<br>Plaintiff,<br>v.<br>JAMES DZURENDA et al.,<br>Defendants. | Case No. 2:26-cv-1591-RFB-EJY<br><br>**ORDER**<br>**AND**<br>**REPORT AND RECOMMENDATION** |

Pending before the Court are Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 4) and Complaint for Declaratory Relief and Damages under 42 U.S.C. § 1983 (ECF No. 1-1, title shortened and cleaned up). Plaintiff's *in forma pauperis* application is granted. The Court recommends Plaintiff's Complaint be dismissed with prejudice as his claims fail as a matter of law.

**I. Screening Standard**

When reviewing a complaint filed by a *pro se* plaintiff, the Court must identify any cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

That is, *pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Allegations of a *pro se* complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere

labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying … [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II. Plaintiff's Complaint**

Plaintiff names the following Defendants in seven causes of action that are summarized below:

1. James Dzurenda, Director of the Nevada Department of Corrections[1] (in his individual and official capacity);

2. George Hartman, Director of the Nevada Department of Public Safety[2] (in his individual and official capacity);

3. The Chief of the Nevada Division of Parole and Probation[3] (name unknown, in his or her individual and official capacity);

4. Warden Henley ("Henley"), Northern Nevada Correctional Center[4] (in his individual and official capacity);

5. DOE NDOC Record Officials 1-5 (in their individual capacities);

---

[1] The Nevada Department of Corrections is referred to herein as "NDOC."
[2] The Nevada Department of Public Safety is referred to herein as "DPS."
[3] The Nevada Division of Parole and Probation is referred to herein as "NDPP."
[4] The Northern Nevada Correctional Center is referred to herein as "NNCC."

6. DOE DPS and NDPP Officers and Supervisors 1-10 (in their individual capacities);

7. DOE NNCC Mailroom Officials 1-5 (in their individual capacities);

8. The Department of Motor Vehicles[5] and Tonya Laney Director of the DMV (in her individual and official capacity);

9. DOE DMV Supervisors and Employees 1-10 (in their individual and official capacities);

10. DOE NDOC Release Documentation Officials 1-10 (in their individual and official capacities); and

11. DOE DPS and NDPP Re-Entry Assistance Officials 1-10 (in their individual and official capacities).

Altogether, Plaintiff sues as many as 56 Defendants most of whom are unnamed individuals and not otherwise identified in the body of Plaintiff's Complaint as engaging in any specific act or inaction connected to Plaintiff's claims. ECF No. 1-1 at 4-13, ¶¶ 53, 54, 71, 72, 77-81, 86-90, 97-100, 102-107, 115-116, 120, 122-127, 134-135, 140, 142, 146, 148, 156-158, and 162-172 (in which Plaintiff repeatedly refers to wrongdoers as "Defendants" or in other collective terms).

Plaintiff asserts seven cause of action alleging violations of the Fourteenth Amendment Due Process clause by a host of different entities and unnamed individuals based on a variety of alleged liberty and property interests deprivations; an Eighth Amendment violation based on continued incarceration after an alleged parole date was provided to him; First and Fourteenth Amendment violation based on failure to assist with reinstating his voting rights; a civil conspiracy claim under 42 U.S.C. § 1983; an unidentified claim relating to his failure to be released on a specific parole date supposedly arising from a custom, practice or usage; a failure to train, supervise, and implement safeguards; and Due Process and Equal Protection claims that appears to be based on a failure to assist Plaintiff in obtaining a number of state issued documents and a copy of his birth certificate from the Netherlands. Plaintiff claims unspecified damages and declaratory relief that is not described or attributed to specific claims.

In sum, the entirety of Plaintiff's claims appears tied to an alleged order granting him parole effective February 1, 2024, after 23 years of incarceration, but a failure to release him until May 29, 2024. ECF No. 1-1 ¶¶ 2, 5, 131-32. Plaintiff says he did nothing to prevent his timely parole (*id.*

---

[5] The Nevada Department of Motor Vehicles is referred to herein as the "DMV."

¶¶ 44-49), and the parole packet included a plan and otherwise complied with applicable requirements (*id*. ¶¶ 30-33). Plaintiff further alleges that despite NDOC, DPS, and NDPP having this knowledge and regardless of his inmate request to Henley on February 2, 2024, he was not released. *Id*. ¶¶ 35-39. Plaintiff says that in response to his request to Henley an unidentified person stated he would not be released until he had "an approved parole plan" with an effective date in place. *Id*. ¶ 42. While Plaintiff remained incarcerated, he says he tried to get his voter registration reinstated, but the NNCC mailroom interfered by not delivering a voter registration card to him. *Id*. ¶¶ 60-72.

Plaintiff's Claims One, Two, Four, and Five all relate to the delay in releasing Plaintiff on parole. Plaintiff's Claim Three arises from what he terms a "[d]eprivation of [r]estored [v]oting [r]ights." *Id*. at 7. Plaintiff's sixth claim asserts a failure of "[s]upervisory [d]efendants" to train and supervise parole processes. *Id*. at 9. Plaintiff's Claim Seven alleges Fourteenth Amendment Due Process and equal protection violations based on the failure to assist him in obtaining a list of documentation from the state and the Netherlands. *Id*. at 9-13.

## III. Analysis

### a. <u>Plaintiff's Requests for Money Damages from Defendants Acting in an Official Capacity Must be Dismissed with Prejudice</u>.

Plaintiff does not make clear whether he seeks any money damages from any state official in his or her official capacity. However, to the extent Plaintiff seeks such damages, these requests are barred by the Eleventh Amendment and must be dismissed with prejudice. *Blaylock v. Schwinden*, 862 F.2d 1352, 1353 (9th Cir. 1988).

### b. <u>Plaintiff's Claims Against the NDOC, DPS, NDPP, the DMV, and NNCC Fail as a Matter of Law</u>.

The Eleventh Amendment bars suits in federal court against a state and its agencies. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984); *Ruley v. Nevada Bd. of Prison Comm'rs*, 628 F.Supp. 108, 110 (D. Nev. 1986) (Nevada Board of Parole is a state agency immune from suit). If Plaintiff seeks to sue an individual parole commissioner, he/she is also immune from suit under the doctrine of quasi-judicial immunity that protects parole commissioners

exercising quasi-judicial responsibilities in rendering parole decisions. *Sellars v. Procunier*, 641 F.2d 1295, 1302 (9th Cir. 1981). Further, NDOC, DPS, NDPP, the DMV, and NNCC are immune from suit under the Eleventh Amendment. *Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007) *citing Will v. Michigan Department of State Police*, 491 U.S. 58, 70 (1989) ("States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes" are not "persons" under 42 U.S.C. § 1983). Plaintiff's claims against NDOC, DPS, NDPP, the DMV, NNCC, and any NDPP commissioners must be dismissed with prejudice.

c. All of Plaintiff's Claims Seeking Prospective Injunctive Relief Against Defendants Acting in Their Respective Official Capacities are Moot.

Plaintiff states he was released from NDOC on May 29, 2024. ECF No. 1-1 ¶ 132. When a plaintiff seeks relief under § 1983 "is no longer incarcerated ... [his] claim for injunctive relief ... is moot"; the plaintiff cannot maintain a § 1983 claim against the official capacity defendant. *Cano v. Taylor*, 739 F.3d 1214, 1217 (9th Cir. 2014) (noting in § 1983 case that the plaintiff's "claims for injunctive and declaratory relief are mooted by his release from prison"). Thus, all prospective injunctive relief claims, which includes Plaintiff's Claim Five seeking "Declaratory/Prospective Relief" against the individual defendants in their official capacities, are moot and must be dismissed with prejudice.

d. Plaintiff's Claim One Claim, Alleging a Fourteenth Amendment Violation Based on his Delayed Release, and Claim Four, Pleading a Conspiracy to Delay his Release Under 42 U.S.C. § 1983, Fail as a Matter of Law.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 47 (1988). Notably, while there may be a constitutional right against excessive detention, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). In *Severance v. Armstrong*, 620 P.2d 369 (Nev. 1980), *opn. on r'hrg*, 97 Nev. 95, 624 P.2d 1004 (1981) the Nevada Supreme Court held NRS 213.1099 did not create a legitimate expectation of parole release sufficient to trigger a constitutionally cognizable liberty interest and invoke the protections

of the Due Process Clause. *See also Vonseydewitz v. State*, 519 P.3d 506 (Table), 2022 WL 16579952, at *2 (Nev. Ct. App. Oct. 31, 2022) (the grant of parole is discretionary in Nevada, meaning that inmates do not have a constitutionally protected liberty interest in parole); *Cochran v. Diaz*, Case No. 13-cv-00551 AWI GSA HC, 2013 WL 3991991, at *2 (E.D. Cal. Aug. 2, 2013) ("the grant of parole is discretionary in Nevada, meaning that inmates do not have a constitutionally protected liberty interest in parole) favorably citing *Conlogue v. Shinbaum*, 949 F.2d 378, 380 (11th Cir. 1991) (noting that "[w]hen [a] statute is framed in discretionary terms there is not a liberty interest created") (further citations omitted).

Plaintiff's Claim One, alleging a Fourteenth Amendment violation based on his delayed parole release, and Claim Four, alleging a conspiracy based entirely on alleged concerted action to delay his release from parole, ECF No. 1-1 ¶¶ 76-80; 102-108, fail as a matter of law because Plaintiff has no liberty interest in parole.

e. <u>Plaintiff's Claim Two Alleging a Violation of the Eighth Amendment Based on his Delayed Release on Parole Fails as a Matter of Law</u>.

Plaintiff's delayed release claim is properly considered under the Eighth Amendment, which forbids cruel and unusual punishments and "contains a 'narrow proportionality principle' that 'applies to noncapital sentences.'" *Ewing v. California*, 538 U.S. 11, 20 (2003) (citing *Harmelin v. Michigan*, 501 U.S. 957, 996-997 (1991)). Successful challenges to non-capital sentences, however, are "exceedingly rare." *Id.* The relevant inquiry is whether the plaintiff's sentence resulted in "one of 'the rare cases in which a ... comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality.'" *U.S. v. Bland*, 961 F.2d 123, 129 (9th Cir. 1992) (citing *Harmelin*, 501 U.S. at 1004). Plaintiff's four month delayed release on parole (February to May) does not rise to the exceedingly rare circumstance that supports an Eighth Amendment violation. Indeed, Plaintiff does not challenge the length of his sentence in proportion to his underlying offense. The Court finds the Eighth Amendment does not properly apply to Plaintiff's delayed release claims and, therefore, this claim should be dismissed with prejudice.

f. Plaintiff's Claim Three and Seven Fails to State a Violation of the First and Fourteenth Amendments Arising from Alleged Voting Rights Violations.

"The Supreme Court has held that disenfranchising a person convicted of a felony does not violate the Fourteenth Amendment." *Jones v. Ysursa*, Case No. CV-07-388-S-BLW, 2008 WL 4997604, at *1 (D. Id. June 6, 2008) *citing Richardson v. Ramirez*, 418 U.S. 24 (1974). Thus, Plaintiff's claim alleging a violation of the Fourteenth Amendment based on the failure to restore voting rights does not survive as a matter of law. Further, in *Lawrie v. Harris*, Case No. CIV S-11-0698 EFB P, 2011 WL 3501000, at *3 (E.D. Cal. Aug. 9, 2011), the court explained "the First Amendment does not guarantee felons the right to vote." The court in *Lawrie* cited to *Farrakhan v. Washington*, 338 F.3d 1009, 1014 (9th Cir. 2003), holding that, to uphold a First Amendment claim "the Court would have to conclude that the same Constitution that recognizes felon disenfranchisement under § 2 of the Fourteenth Amendment also prohibits disenfranchisement under other amendments.... The Court is not inclined to interpret the Constitution in this internally inconsistent manner or to determine that the Supreme Court's declaration of the facial validity of felon disenfranchisement laws in *Richardson v. Ramirez*, [*supra*,] was based only of the fortuity that the plaintiffs therein did not make their arguments under different sections of the Constitution"), *rev'd in part on other grounds*, 338 F.3d 1009 (9th Cir. 2003).[6]

Plaintiff's claim that mailroom officials or other individual defendants interfered with his right to restore voting rights also fails. To begin, Article 2, Section 1 of the Nevada Constitution omits from the right to vote individuals who have been convicted of a felony. Nonetheless, NRS 213.157, enacted in 2019, automatically restores the right to vote to an individual who is placed on parole. Specifically, this statute is titled "Restoration of right to vote when placed on probation, granted parole or granted pardon; restoration of civil rights after sentence served" and says, in section 1(a), that a person who was convicted of a felony and subsequently "placed on probation, granted parole or granted a pardon is immediately restored to the right to vote." Plaintiff demonstrates no constitutional right to ensure mail sent to a facility operated by NDOC is tracked, forwarded or

[6] The Court notes Plaintiff's detailed allegations raises no issue that race played a role in his failure to obtain assistance from NDOC mailroom officials with respect to restoring his right to vote. ECF No. 1-1 ¶¶ 60-66; 91-100.

delivered as it pertains to a voter registration card (ECF No. 1-1 ¶¶ 97-99 ) and the Court could find none. Plaintiff also identifies no election in which he sought to vote, but was prevented from doing so between February 1, 2024—the date he contends he was granted parole—and May 29, 2024—the date he was paroled. Plaintiff has not stated a violation of a constitutional or otherwise federally protected right to the proper handling of mail pertaining to voting by a state institution housing criminals or a harm that arose from the alleged failure to deliver such mail to Plaintiff. The Court finds Plaintiff fails to state a First or Fourteenth Amendment violation based on the allegations in his Claim Three or Seven as it pertains to voting rights.

g. Plaintiff's Claim Six Alleging a Failure to Train, Supervise and Implement Release Safeguards, Asserted Against Supervisory Defendants Fails as a Matter of Law.

In NRS 41.032(2), the State of Nevada holds that state employees are immune from suit "[b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty … whether or not the discretion involved is abused." In *Gardner v. City of Las Vegas*, Case No. 2:16-cv-01384-GMN-CWH, 2017 WL 3087276, at *3 (D. Nev. July 20, 2017), the Court held "the great weight of authority in this district holds that discretionary immunity applies to decisions relating to the hiring, training, and supervision of employees." *Id. citing Bryan v. Las Vegas Metro. Police Dep't*, 349 Fed.Appx. 132, 134 (9th Cir. 2009) ("Because Nevada looks to federal case law to determine the scope of discretionary immunity, and because federal case law consistently holds that training and supervision are acts entitled to such immunity, METRO police is entitled to discretionary immunity on this claim [for negligent training and/or supervision]."). Thus, the Court finds Plaintiff's Claim Six is barred by discretionary immunity and should be dismissed with prejudice.[7]

[7] Plaintiff alleges a variety of claims against unidentified supervisory personnel in the numerous agencies identified in his Complaint. There is no respondeat superior liability under § 1983. *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1151 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)). A supervisor may be held liable under § 1983 without committing the act herself, but only if she directly sets into motion the particular violation at issue via supervisory authority or refuses to stop actions of which she is or should be aware. *See Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011). The Court finds Plaintiff does not plead any facts demonstrating any of the unidentified defendant supervisors set in motion actions or failed to stop actions resulting in constitutional violations Plaintiff attempts to assert. *See* ECF No. 1-1 ¶¶ 77-79, 94-99, 115, 123-127. Thus, Plaintiff fails to present sufficient facts to state a plausible claim for relief based on supervisory conduct. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010). Moreover, because Plaintiff does not otherwise state a claim for relief, the Court finds granting leave to amend supervisory liability is not warranted in this case.

h. <u>Plaintiff's Fourteenth Amendment Due Process and Equal Protection Claims Relating to the Alleged Failure to Assist in Obtaining Various State and Foreign Identification Documents</u>.

First, the Court questions whether Plaintiff has suffered a cognizable injury as a result of the alleged failure by unidentified supervisory personnel who did not assist him in obtaining a whole host of state and foreign issue identification documents. ECF No. 1-1 ¶¶ 134-174. This claim seeks declaratory relief for the failure to provide this assistance, which claim, as explained above, is moot. Setting that aside, Article III of the U.S. Constitution requires a plaintiff to present "an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged behavior; and likely to be redressed by a favorable ruling." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

An injury-in-fact element is satisfied when a plaintiff shows "an invasion of a legally protected interest which is: (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Bush v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 124 F.Supp.3d 642, 651 (E.D.N.C. 2015). An injury is "fairly traceable to the challenged action of the defendant" when there is a "causal connection between the injury and conduct complained of." *Lujan*, 504 U.S. at 560. For a claim to be redressable, "[a] plaintiff must show that the court has the power to grant the plaintiff's requested relief, and that such relief would redress the plaintiff's injury." *Buscemi v. Bell*, 964 F.3d 252, 259 (4th Cir. 2020), *cert. denied sub nom Kopitke v. Bell*, 592 U.S. 1268 (2021). "An injury is redressable if it is 'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Doe v. Va. Dep't of State Police*, 713 F.3d 745, 755 (4th Cir. 2013) (quoting *Friends of the Earth*, 528 U.S. at 561). [ECF No. 7 at 5]. However, whether negligent or intentional, the "unauthorized … deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

Here, Plaintiff was released from NDOC over two years ago in May 2024. ECF No. 1-1 ¶ 132. Plaintiff does not allege that once released he was unable to obtain his birth certificate from

the Netherlands (*id.* ¶¶ 136-39), a state identification card, a driver's license, a passport, or naturalization papers all of which he mentions (*id.* ¶ 133). Plaintiff alleges no harm as the result of waiting until release to obtain these documents. Plaintiff also fails to offer any statute or regulation that creates an affirmative obligation by the Nevada prison system to gather personal identification documents for a person being released on parole. The Court located nothing in NDPP requirements under state statute or administrative code creating a constitutional interest in the provision of assistance with obtaining documents pre-release on parole. The Court found no precedent establishing a substantive or procedural Due Process right to have the state provide assistance pre-parole with obtaining the type of documentation Plaintiff identifies.

To state an Equal Protection claim, a plaintiff must allege that he was intentionally treated differently from others similarly situated and that there was no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Plaintiff identifies no protected class of which he is a member or facts suggesting that he was treated differently based on that membership. Being a "prisoner" or "convicted person" fails to constitute a suspect class for equal protection purposes. *United States v. Whitlock*, 639 F.3d 935, 941 (9th Cir. 2011). Moreover, Plaintiff does not allege he was treated less favorably than anyone else.

The Court finds Plaintiff cannot state a Fourteenth Amendment Due Process or Equal Protection claim based on the state prison system's failure to provide him with identification documents pre-release on parole. For this reason, the Court recommends Plaintiff's Claim Seven be dismissed with prejudice.

**IV. ORDER**

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 4 is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) be filed on the docket.

**V. Recommendation**

IT IS HEREBY RECOMMENDED the following be dismissed with prejudice:

- Plaintiff's requests for recovery of money damages from any individually named defendant because such requests are barred by the Eleventh Amendment;

- Defendants Nevada Department of Corrections, Nevada Department of Public Safety, Nevada Division of Parole and Probation, Nevada Department of Motor Vehicles, and the Northern Nevada Correctional Center all of which are either immune from suit under the Eleventh Amendment or not persons under 42 U.S.C. § 1983.
- Plaintiff's Claims One and Four alleging violations of the Fourteenth Amendment and conspiracy to violate his constitutional rights based on his alleged delay release on parole because there is no constitutional right to be conditionally released before the expiration of a valid sentence;
- Plaintiff's Claim Two alleging a violation of the Eighth Amendment because Plaintiff's approximate four month delay on parole cannot state this claim;
- Plaintiff's Claims Three and Seven because Plaintiff has no constitutional claim under the Fourteenth Amendment for the approximate four month delay in his release on parole;
- Plaintiff's Claim Five seeking prospective injunctive relief because this claim was mooted when Plaintiff was released from prison;
- Plaintiff's Claim Six because Nevada state supervisory employees have discretionary immunity arising from a claim based on an alleged failure to train, supervise, or implement non-mandatory procedures; and
- Plaintiff's Claim Seven alleging violations of the Fourteenth Amendment Due Process and Equal Protection claims because Plaintiff fails to state an injury in fact, has no substantive or procedural Due Process rights that were violated by a failure to assist in obtaining certain identity documentation from the State of Nevada or the Netherlands, and has no rational basis on which to state an Equal Protection Claim.

Dated this 25th day of September, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).